IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAURIE L. BERRYMAN,

    Plaintiff,                    No. 2:10-cv-2936 DAD

    vs.

CAROLYN W. COLVIN,               ORDER
Commissioner of Social Security,

    Defendant.
_____/

        This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security (Commissioner) is reversed, and the matter is remanded for further proceedings consistent with this order.

## PROCEDURAL BACKGROUND

        On July 3, 2007, plaintiff filed an application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act (the Act), alleging disability beginning on January 1, 2002. (Transcript (Tr.) at 116-22.) Plaintiff's application was denied initially and on reconsideration. (Id. at 79-81.)

/////

Plaintiff requested a hearing before an Administrative Law Judge (ALJ), and an administrative hearing was held before an ALJ on August 11, 2009. (Id. at 32-60.) Plaintiff was represented by counsel and testified at that administrative hearing. In a decision issued on October 20, 2009, the ALJ found that plaintiff was not disabled. (Id. at 21-31.) The ALJ entered the following findings:

> 1. The claimant has not engaged in substantial gainful activity since July 3, 2007, the application date (20 CFR 416.971 *et seq*.).
>
> 2. The claimant has the following severe impairments: bipolar disorder, post-traumatic stress disorder, HIV, and hepatitis C (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except she is limited to no climbing of ladders/ropes or scaffolds. She is restricted to occasional climbing of ramps or stairs, balancing, stooping, kneeling, crouching, or crawling. She should avoid concentrated exposure to extreme cold, fumes, gases, odors, dusts and poor ventilation. She can remember and carry out only simple job instructions; she can maintain concentration, persistence and pace for simple job tasks; she can interact appropriately with supervisors or co-workers with only occasional public contact.
>
> 5. The claimant has no past relevant work (20 CFR 416.965).
>
> 6. The claimant was born on April 17, 1962 and was 45 years old, which is defined as a younger individual age 45-49, on the date the application was filed (20 CFR 416.963).
>
> 7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).
>
> 8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
>
> 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

/////

     10.  The claimant has not been under a disability, as defined in the Social Security Act, since July 3, 2007, the date the application was filed (20 CFR 416.920(g)).

(Tr. at 23-30.)

On September 1, 2010, the Appeals Council denied plaintiff's request for review of the ALJ's October 20, 2009 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on November 1, 2010.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's motion raises the following three principal errors: (1) in considering her request for review of the ALJ's decision the Appeals Council failed to properly evaluate new and material medical opinion evidence; (2) the ALJ improperly rejected medical opinion evidence without a legitimate basis for doing so; and (3) the ALJ failed to credit plaintiff's testimony and other third party statements concerning the nature and extent of plaintiff's functional limitations.

I.      **New Evidence**

Plaintiff first argues that the Appeals Council erred with respect to its treatment of new evidence. Specifically, plaintiff argues that the Appeals Council summarily dismissed the opinions of plaintiff's treating physicians Dr. Pollard and Dr. Reddy who submitted their reports to the Appeals Council after the ALJ had rendered her October 20, 2009 decision. (Pl.'s MSJ (Doc. No. 18) at 32-36.[1]) Plaintiff argues that given the nature of that new evidence, the Appeals Council should have afforded the ALJ an opportunity to evaluate the new evidence, reconsider plaintiff's Residual Functional Capacity ("RFC") determination, and if necessary, utilize the services of a vocational expert to determine the impact of the limitations indicated by the new treating physician evidence on plaintiff's chances for substantial gainful employment. (Id. at 36.) The court agrees.

A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(1). The assessment of RFC must be "based on all the relevant evidence in [the claimant's] case record." Id. "[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1163 (9th Cir. 2012).

Here, in its September 1, 2010 Notice of Appeals Council Action letter notifying plaintiff that her request for review of the ALJ's decision was denied, the Appeals Council addressed the new evidence submitted by plaintiff, stating:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.

/////

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

>We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

(Tr. at 2.)

The new evidence considered by the Appeals Council, however, included the November 23, 2009, Medical Assessment of Ability to Do Work-Related Activities completed by Dr. Sheela Reddy, plaintiff's treating psychiatrist. (Tr. at 12-15.) According to Dr. Reddy, plaintiff suffers from "severe PTSD & bipolar disorder," and has a "history of trauma & suffering" that causes plaintiff to have a "hard time . . . working with others, interacting with supervisors, and maintaining attention," and that plaintiff struggles with "hypervigilance & hyperarousal symptoms, which makes it difficult to interact with people." (Id. at 13.) In Dr. Reddy's opinion, plaintiff's ability in a number of functioning areas rated as "Poor or None," including her ability to relate to co-workers, deal with the public, use judgment, interact with supervisors, deal with work stresses, function independently, maintain attention/concentration, understand, remember, and carry out simple job instructions, relate predictably in social situations and demonstrate reliability. (Id. at 13-14.) According to Dr. Reddy, plaintiff suffers from "mental illnesses that are severe enough to preclude her from working & interacting with unfamiliar people or situations." (Id. at 15.)

As plaintiff's treating physician, Dr. Reddy's opinion was entitled to considerable weight. In this regard, the weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d at 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990). A treating physician's

1 uncontradicted opinion may be rejected only for clear and convincing reasons, while a treating
2 physician's opinion that is controverted by another doctor may be rejected only for specific and
3 legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31.

4       Here, the Appeals Council did not offer a specific of legitimate reason for
5 rejecting treating physician Dr. Reddy's opinion and did not remand the matter to afford the ALJ
6 an opportunity to review that new evidence from the treating physician. It is conceivable, if not
7 probable, that Dr. Reddy's opinion would have altered the ALJ's RFC determination, since the
8 ALJ's October 20, 2009 decision acknowledged that the "medical evidence of record in this case
9 is very limited" and because the ALJ's decision gave significant weight to the opinions of non-
10 treating, non-examining State Agency physicians. (Tr. at 29.) See Lester, 81 F.3d at 831 ("The
11 opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies
12 the rejection of the opinion of either an examining physician *or* a treating physician.").

13       Accordingly, the court finds that plaintiff is entitled to summary judgment in her
14 favor with respect to this claim.

## CONCLUSION

16       With error established, the court has the discretion to remand or reverse and award
17 benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose
18 would be served by further proceedings, or where the record has been fully developed, it is
19 appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v.
20 Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004). However, where there are outstanding issues that
21 must be resolved before a determination can be made, or it is not clear from the record that the
22 ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated,
23 remand is appropriate. Id. at 594.
24 /////
25 /////
26 /////

1          Here, this case must be remanded to allow the ALJ to consider the new evidence and reconsider plaintiff's RFC determination.[2]  The court notes that based upon the record then before the ALJ, which did not include the treating physician opinion of Dr. Reddy, the ALJ's treatment of the opinion of plaintiff's therapist, not an acceptable medical source, and of the testimony of plaintiff and the third party statement, would appear to have passed muster. However, with the treating physician opinion now before her on remand, the ALJ may well elect to reconsider her treatment of that other evidence in light of the new evidence.

          Accordingly, IT IS HEREBY ORDERED that:

          1.  Plaintiff's motion for summary judgment (Doc. No. 18) is granted;

          2.  Defendant's cross-motion for summary judgment (Doc. No. 19) is denied;

          3.  The Commissioner's decision is reversed; and

          4.  This matter is remanded for further proceedings consistent with this order.

DATED: February 20, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1/orders.soc sec/berryman2936.order

---

[2] Although finding it unnecessary to address plaintiff's remaining claims, the court has nonetheless examined those claims and determined that remanding this matter for further proceedings, as oppose to reversing and awarding benefits, is appropriate.